UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JESSICA LAVALLEY,

                                        Plaintiff,

   v.                                                                      Civil Action No. _____

ATLANTIC RECOVERY SOLUTIONS, LLC

                                        Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices as well as theTelephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Jessica Lavalley, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Atlantic Recovery Solutions, LLC., (hereinafter "ARS") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8.  All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

9.  That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(16), that originated, routed, and/or terminated telecommunications.

10. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. §153(39).

11. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to contact consumers.

12. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(28).

13. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(50).

14. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.


## IV. FACTUAL ALLEGATIONS

15. That Plaintiff allegedly incurred a debt on a personal loan in or about the summer of 2018. This debt will be referred to as "the subject debt."

16. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. That Plaintiff thereafter allegedly defaulted on the subject debt.

18. That in or about March 2020, Defendant began calling the Plaintiff on her cellular telephone and leaving pre-recorded voice messages that stated the matter was in preligation and a required legal notice. The messages also stated for the Plaintiff or her attorney to contact the Defendant.

19. That Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

20. That in or about March 2020, Plaintiff spoke to the Defendant and informed them to stop calling her cellular telephone.

21. That in or about June 2020, Defendant began calling Plaintiff's cellular telephone and also sent text messages to Plaintiff attempting to collect the subject debt.

22. That these text messages were the only written communication provided to the Plaintiff by the Defendant.

23. That in or about April 2020 through June 2020, Defendant left multiple voice messages on Plaintiff's cellular telephone and/or called the Plaintiff's cellular telephone despite being instructed in March 2020 by the Plaintiff to cease calling her on her cellular telephone.

24. That on June 2, 3, 5, 17, and 24, and as well as on July 9, 14, 20, 29,and 30, Defendant sent text messages to the Plaintiff's cellular telephone attempting to collect the subject debt.

25. That the aforementioned text messages stated that the matter was in preligation and a required legal notice. The text messages also stated for the Plaintiff or her attorney to contact the Defendant.

26. That in all the text messages Defendant failed to identify the name of the company and failed to provide the required mini Miranda warning.

27. That in all the text messages, the Defendant failed to state the amount of the debt and failed to provide the Plaintiff's right to validation of the debt.

28. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

29. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 28 above.

30. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

> A. Defendant violated 15 U.S.C. §1692e(11) for failing to provide a mini Miranda warning in its voice message and text messages left on Plaintiff's cellular telephone. .

B. Defendant violated 15 U.S.C. §1692g for failing to disclose the name of the current creditor and/or the amount of the alleged debt and/or Plaintiff's validation rights in the text messages sent to the Plaintiff.

C. Defendant violated 15 U.S.C. §1692d(6) for failing to disclose the Defendant's identity in its text messages sent to the Plaintiff.

D. Defendant violated 15 U.S.C. §1692e,  15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) for misrepresenting  that the matter is a legal one by stating it was a legally required notice, in pre-litigation status, and that her attorney needed to contact them.

31. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

32. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

33. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or using an  artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

34. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

4

37. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience emotional distress.

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys' fees.

39. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

40. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 26, 2021

/s/ Seth J. Andrews __
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com

5